IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **PAPST LICENSING GMBH & CO. KG,** | § § § | CIVIL ACTION 6:18CV424 SEVERED FROM |
| **Plaintiff,** | § § | Civil Action No. 6:15-cv-1111 |
| v. | § § | |
| **LENOVO (UNITED STATES), INC. AND MOTOROLA MOBILITY, LLC,** | § § § § | Jury Trial Demanded |
| **Defendants.** | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Papst Licensing GmbH & Co., KG ("Papst Licensing" or "Plaintiff") files this First Amended Complaint against Lenovo (United States), Inc. and Motorola Mobility, LLC (collectively, "Lenovo" or "Defendant") for infringement of U.S. Patent Nos. 6,470,399 (the "'399 Patent"); 6,895,449 (the "'449 Patent"); 8,504,746 (the "'746 Patent"); 8,966,144 ("'144 Patent"); and 9,189,437 (the "'437 Patent") (collectively, the "Patents").

### I.  PARTIES

1. Plaintiff Papst Licensing is a company existing under the laws of the Federal Republic of Germany, with its principal place of business located at Bahnofstrasse 33, 78112 St. Georgen, Germany.

2. Upon information and belief, Lenovo (United States), Inc. is a Delaware corporation with its principal place of business located at 1009 Think Place, Morrisville, NC 27560. Upon information and belief, Lenovo (United States), Inc. is authorized to do business in Texas where it can be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**FIRST AMENDED COMPLAINT**

3.     Upon information and belief, Motorola Mobility, LLC is a Delaware corporation with its principal place of business located at 600 North US Highway 45, Libertyville, IL 60048. Upon information and belief, Motorola Mobility, LLC is authorized to do business in Texas where it can be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.  JURISDICTION AND VENUE

4.     This is an action for patent infringement which arises under 35 U.S.C. §§ 271, 281, 284 and 285. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

5.     This Court has personal jurisdiction over Lenovo, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400. This Court has personal jurisdiction over Lenovo because, among other things, Lenovo has established minimum contacts within the forum such that the exercise of jurisdiction over Lenovo will not offend traditional notions of fair play and substantial justice. For example, Lenovo has placed products that practice and/or embody the claimed inventions of the Patents into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district. In addition, Lenovo has sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Patents. Lenovo derives substantial revenue from the sale of infringing products distributed within the district, and/or expects or should reasonably expect its actions to have consequences within the district, and derive substantial revenue from interstate and international commerce.

## III. FACTUAL BACKGROUND

6. The name Papst has been closely associated with patents and the protection of intellectual property for over seventy years. Hermann Papst was an engineer and inventor who was responsible for over four hundred patents in a variety of technical fields. Mr. Hermann Papst's licensure of a patent pertaining to loudspeakers enabled him to launch Papst-Motoren GmbH & Co. KG—a business that generated over six hundred patents on in-house products such as small electric motors and cooling fans. In 1992, Papst-Motoren's patent portfolio was sold to Papst Licensing, a company founded by Mr. Hermann Papst's son, Mr. Georg Papst. Papst Licensing is a patent licensing company protecting its own and others' intellectual property rights. After Hermann Papst's death in 1981 and the passing of Georg Papst in 2012, the family business is now run by the third generation of Papsts.

7. The '399 Patent was filed on March 3, 1998 and issued on October 22, 2002. The '746 Patent was filed on September 27, 2010 and issued on August 6, 2013. The '449 Patent was filed on August 15, 2002 and issued on May 17, 2005. The '144 Patent was filed on August 24, 2006 and issued on February 24, 2015. The '437 Patent was filed on August 24, 2006 and issued on November 17, 2015. The '399, '449, '746, '144 and '437 Patents are generally directed towards methods and systems for the transfer of data and in particular to interface devices for communication between a computer or host device and a data transmit/receive device from which data is to be acquired or with which two-way communication is to take place.

8. Papst Licensing acquired the Patents through its predecessor-in-interest, Labortechnik Tasler GmbH—a pioneer and leader in the area of interface devices and software.

9. Plaintiff Papst Licensing has obtained all substantial right and interest to the Patents, including all rights to recover for all past and future infringements thereof.

10. On or around October 4, 2012, Papst Licensing notified Lenovo of certain Papst Licensing patents, specifically including the '399 Patent and '449 Patent and its infringement thereof. On or around March 12, 2014, Papst Licensing notified Lenovo of its infringement of the '746 Patent.

11. On or about August 2, 2007, Papst Licensing notified Lenovo of certain Papst Licensing patents, specifically including the '399 Patent and '449 Patent and its infringement thereof.

12. On information and belief, Lenovo has monitored Papst's patent prosecution activities at least since being notified of its infringement. In all events, Lenovo has knowledge of the '399, '449, '746, '144 and '437 Patents by virtue of service of the original complaint and this amended complaint.

13. Lenovo has infringed and continues to infringe the Papst Patents by making, selling, offering for sale, importing, and using products and software in an infringing manner, including but not limited to Lenovo's smartphones and other products, as well as any other products operating in a substantially similar manner. Moreover, Lenovo provides its customers with the accused software and instructs its customers to use the software in an infringing manner, including through its website at https://motorola-global-portal.custhelp.com/ and/or http://support.lenovo.com/us/en/products?tabName=Manuals.

14. In addition, Lenovo knowingly, actively induced and continues to knowingly actively induce (or is willfully blind to the) infringement of one or more of the Patents within this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the asserted Patents, and their claims, with knowledge that their customers will

use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

15. Moreover, Lenovo knowingly contributed to the infringement of one or more of the Patents by others in this district, and continues to contribute to the infringement of one or more of the Patents by others in this district by selling or offering to sell components of infringing products in this district, which components constitute a material part of the inventions of the Patents, knowing of the Patents and their claims, knowing those components to be especially made or especially adapted for use to infringe one or more of the Patents, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

### IV. PATENT INFRINGEMENT
### COUNT I — INFRINGEMENT OF U.S. PATENT NO. 6,470,399

16. Papst Licensing is the assignee of the '399 Patent, entitled "Flexible Interface For Communication Between A Host And An Analog I/O Device Connected To The Interface Regardless The Type Of The I/O Device," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

17. The '399 Patent is valid and enforceable.

18. Lenovo has directly infringed and continues to infringe one or more claims of the '399 Patent in this judicial district and elsewhere in the United States by, among other things,

making, having made, importing, using, offering for sale, and/or selling the claimed system and methods of the '399 Patent. At a minimum, Lenovo has been, and now is, infringing claims of the '399 Patent by making, importing and/or using infringing systems and/or methods. Lenovo's infringing products include, but are not limited to, Lenovo's smartphones and other products that are compliant with or use the protocol specifications Picture Transfer Protocol ("PTP") and/or Media Transfer Protocol ("MTP") and/or Mass Storage Device/Mass Storage Class ("MSD") and therefore use and/or are capable of using said protocols when connected to a host computer (e.g., via a Universal Serial Bus connection, Bluetooth wireless connection and/or another physical layer connection where supported) ("'399 Infringing Products"). Papst Licensing alleges that each and every element is literally present in the '399 Infringing Products. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

19.     Lenovo has indirectly infringed the '399 Patent by inducing the infringement of the '399 Patent. With knowledge of the '399 Patent, Lenovo directs and aids its customers in using the '399 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://motorola-global-portal.custhelp.com/ and/or http://support.lenovo.com/us/en/products?tabName=Manuals) to customers with knowledge that the induced acts constitute patent infringement. Lenovo possesses specific intent to encourage infringement by its customers.

20.     Lenovo has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '399 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or

**FIRST AMENDED COMPLAINT**

importing into the United States, the '399 Infringing Products. Lenovo knows that those products: constitute a material part of the inventions claimed in the '399 Patent; are especially made or adapted to infringe the '399 Patent; are not staple articles or commodities of commerce suitable for non-infringing use, but rather the components are used for or in systems that infringe one or more claims of the '399 Patent.

21. Papst Licensing has been damaged as a result of Lenovo's infringing conduct. Lenovo is thus liable to Papst Licensing in an amount that adequately compensates it for Lenovo's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,895,449

22. Papst Licensing is the assignee of the '449 Patent, entitled "Flexible Interface For Communication Between A Host And An Analog I/O Device Connected To The Interface Regardless The Type Of The I/O Device," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

23. The '449 Patent is valid and enforceable.

24. Lenovo has directly infringed and continues to infringe one or more claims of the '449 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing using, offering for sale, and/or selling the claimed systems and methods. At a minimum, Lenovo has been, and now is, infringing claims of the '449 Patent by making, having made, importing and/or using infringing systems and/or methods. Lenovo's infringing products include, but are not limited to, Lenovo's smartphones and other products that

**FIRST AMENDED COMPLAINT**

are compliant with or use the protocol specification Mass Storage Device/Mass Storage Class ("MSD") and therefore use and/or are capable of using said protocols when connected to a host computer (e.g., via a Universal Serial Bus connection, Bluetooth wireless connection and/or another physical layer connection where supported) ("'449 Infringing Products"). Papst Licensing alleges that each and every element is literally present in the '449 Infringing Products. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

25. Lenovo has indirectly infringed the '449 Patent by inducing the infringement of the '449 Patent. With knowledge of the '449 Patent, Lenovo directs and aids its customers in using the '449 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://motorola-global-portal.custhelp.com/ and/or http://support.lenovo.com/us/en/products?tabName=Manuals) to customers with knowledge that the induced acts constitute patent infringement. Lenovo possesses specific intent to encourage infringement by its customers.

26. Lenovo has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '449 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '449 Infringing Products. Lenovo knows that those products: constitute a material part of the inventions claimed in the '449 Patent; are especially made or adapted to infringe the '449 Patent; are not staple articles or commodities of commerce suitable for non-infringing use, but rather the components are used for or in systems that infringe one or more claims of the '449 Patent.

27. Papst Licensing has been damaged as a result of Lenovo's infringing conduct. Lenovo is thus liable to Papst Licensing in an amount that adequately compensates it for Lenovo's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT III — INFRINGEMENT OF U.S. PATENT NO. 8,504,746

28. Papst Licensing is the assignee of the '746 Patent, entitled "Analog Data Generating And Processing Device For Use With A Personal Computer," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

29. The '746 Patent is valid and enforceable.

30. Lenovo has directly infringed and continues to infringe one or more claims of the '746 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing using, offering for sale, and/or selling the claimed systems and methods. At a minimum, Lenovo has been, and now is, infringing claims of the '746 Patent by making, having made, importing and/or using infringing systems and/or methods. Lenovo's infringing products include, but are not limited to, Lenovo's smartphones and other products that are compliant with or use the protocol specifications Picture Transfer Protocol ("PTP") and/or Media Transfer Protocol ("MTP") and/or Mass Storage Device/Mass Storage Class ("MSD") and therefore use and/or are capable of using said protocols when connected to a host computer (e.g., via a Universal Serial Bus connection, Bluetooth wireless connection and/or another physical layer connection where supported) ("'746 Infringing Products"). Papst Licensing alleges that each and every element is literally present in the '746 Infringing Products. To the

extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

31.  Lenovo has indirectly infringed the '746 Patent by inducing the infringement of the '746 Patent. With knowledge of the '746 Patent, Lenovo directs and aids its customers in using the '746 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://motorola-global-portal.custhelp.com/ and/or http://support.lenovo.com/us/en/products?tabName=Manuals) to customers with knowledge that the induced acts constitute patent infringement. Lenovo possesses specific intent to encourage infringement by its customers.

32.  Lenovo has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '746 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '746 Infringing Products. Lenovo knows that those products: constitute a material part of the inventions claimed in the '746 Patent; are especially made or adapted to infringe the '746 Patent; are not staple articles or commodities of commerce suitable for non-infringing use, but rather the components are used for or in systems that infringe one or more claims of the '746 Patent.

33.  Papst Licensing has been damaged as a result of Lenovo's infringing conduct. Lenovo is thus liable to Papst Licensing in an amount that adequately compensates it for Lenovo's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV — INFRINGEMENT OF U.S. PATENT NO. 8,966,144

34. Papst Licensing is the assignee of the '144 Patent, entitled "Analog Data Generating And Processing Device Having A Multi-Use Automatic Processor," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

35. The '144 Patent is valid and enforceable.

36. Lenovo has directly infringed and continues to infringe one or more claims of the '144 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing, using, offering for sale, and/or selling the claimed system and methods of the '144 Patent. At a minimum, Lenovo has been, and now is, infringing claims of the '144 Patent by making, having made, importing and/or using infringing systems and/or methods. Lenovo's infringing products include, but are not limited to, Lenovo's smartphones and other products that are compliant with or use the protocol specifications Picture Transfer Protocol ("PTP") and/or Media Transfer Protocol ("MTP") and/or Mass Storage Device/Mass Storage Class ("MSD") and therefore use and/or are capable of using said protocols when connected to a host computer (e.g., via a Universal Serial Bus connection, Bluetooth wireless connection and/or another physical layer connection where supported) ("'144 Infringing Products"). Papst Licensing alleges that each and every element is literally present in the '144 Infringing Products. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

37. Lenovo has indirectly infringed the '144 Patent by inducing the infringement of the '144 Patent. With knowledge of the '144 Patent, Lenovo directs and aids its customers in

**FIRST AMENDED COMPLAINT**

11

using the '144 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://motorola-global-portal.custhelp.com/ and/or http://support.lenovo.com/us/en/products?tabName=Manuals) to customers with knowledge that the induced acts constitute patent infringement. Lenovo possesses specific intent to encourage infringement by its customers.

38. Lenovo has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '144 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '144 Infringing Products. Lenovo knows that those products: constitute a material part of the inventions claimed in the '144 Patent; are especially made or adapted to infringe the '144 Patent; are not staple articles or commodities of commerce suitable for non-infringing use, but rather the components are used for or in systems that infringe one or more claims of the '144 Patent.

39. Papst Licensing has been damaged as a result of Lenovo's infringing conduct. Lenovo is thus liable to Papst Licensing in an amount that adequately compensates it for Lenovo's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT V — INFRINGEMENT OF U.S. PATENT NO. 9,189,437

40. Papst Licensing is the assignee of the '437 Patent, entitled "Analog Data Generating And Processing Device For Use With A Personal Computer," and holds all substantial rights in the same. Among other rights, Papst Licensing maintains the exclusive right

to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

41. The '437 Patent is valid and enforceable.

42. Lenovo has directly infringed and continues to infringe one or more claims of the '437 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing using, offering for sale, and/or selling the claimed systems and methods. At a minimum, Lenovo has been, and now is, infringing claims of the '437 Patent by making, having made, importing and/or using infringing systems and/or methods. Lenovo's infringing products include, but are not limited to, Lenovo's smartphones and other products that are compliant with or use the protocol specifications Picture Transfer Protocol ("PTP") and/or Media Transfer Protocol ("MTP") and/or Mass Storage Device/Mass Storage Class ("MSD") and therefore use and/or are capable of using said protocols when connected to a host computer (e.g., via a Universal Serial Bus connection, Bluetooth wireless connection and/or another physical layer connection where supported) ("'437 Infringing Products"). Papst Licensing alleges that each and every element is literally present in the '437 Infringing Products. To the extent not literally present, Papst Licensing reserves the right to proceed under the doctrine of equivalents.

43. Lenovo has indirectly infringed the '437 Patent by inducing the infringement of the '437 Patent. With knowledge of the '437 Patent, Lenovo directs and aids its customers in using the '437 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://motorola-global-portal.custhelp.com/ and/or http://support.lenovo.com/us/en/products?tabName=Manuals) to customers with

**FIRST AMENDED COMPLAINT**

knowledge that the induced acts constitute patent infringement. Lenovo possesses specific intent to encourage infringement by its customers.

44. Lenovo has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '437 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '437 Infringing Products. Lenovo knows that those products: constitute a material part of the inventions claimed in the '437 Patent; are especially made or adapted to infringe the '437 Patent; are not staple articles or commodities of commerce suitable for non-infringing use, but rather the components are used for or in systems that infringe one or more claims of the '437 Patent.

45. Papst Licensing has been damaged as a result of Lenovo's infringing conduct. Lenovo is thus liable to Papst Licensing in an amount that adequately compensates it for Lenovo's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V.  WILLFULNESS

46. Papst Licensing alleges upon information and belief that Lenovo has knowingly or with reckless disregard willfully infringed the '399, '449 and '746 Patents. Lenovo's knowledge includes knowledge of the '399, '449 and '746 Patents by virtue of Papst Licensing having notified Lenovo of its infringing acts. Lenovo acted with knowledge of the '399, '449 and '746 Patents and despite an objectively high likelihood that its actions constituted infringement of Papst Licensing's valid patent rights.

47. This objectively-defined risk was either known or so obvious that is should have been known to Lenovo. Papst Licensing seeks enhanced damages pursuant to 35 U.S.C. §284.

**FIRST AMENDED COMPLAINT**

## VI. JURY DEMAND

48. Papst Licensing demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Papst Licensing prays for judgment and seeks relief against Lenovo as follows:

a. Judgment that one or more claims of U.S. Patent Nos. 6,470,399; 6,895,449; 8,504,746; 8,966,144; and 9,189,437 have been infringed, either literally and/or under the doctrine of equivalents, by Lenovo;

b. Award Plaintiff past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Lenovo of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

c. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

d. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: January 20, 2016

Respectfully submitted,

*/s/ Christopher V. Goodpastor*
Christopher V. Goodpastor
Texas State Bar No. 00791991
LEAD ATTORNEY
Andrew G. DiNovo
Texas State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Jay D. Ellwanger
Texas State Bar No. 24036522
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627
cgoodpastor@dpelaw.com
adinovo@dpelaw.com
aprice@dpelaw.com
jellwanger@dpelaw.com

**ATTORNEYS FOR PLAINTIFF**
**PAPST LICENSING GMBH & CO. KG**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of January 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                            */s/ Christopher V. Goodpastor*
                                            Christopher V. Goodpastor